# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD T. ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00173-MTS |
| KENNETH P. AUGUSTINE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Richard Arnold's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Based on the financial information contained in the Application, the Court will grant the Application. *See* 28 U.S.C. § 1915(a)(1). Upon initial review of Plaintiff's Complaint, the Court determines it fails to state a claim on which relief may be granted. *See id.* § 1915(e)(2)(B)(ii). The Court therefore will dismiss Plaintiff's case.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), a district court "shall" dismiss a "case" filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Background**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights, on January 31, 2024, against five Defendants: Kenneth P. Augustine (Plaintiff's former neighbor); Christopher Neace (Sheriff's Deputy, Franklin County, Missouri); Luke James Stobie (Prosecutor, St. Louis County, Missouri);

Matthew C. Becker (Prosecutor, Franklin County, Missouri); and Stanley D. Williams (Retired Circuit Judge, Franklin County, Missouri).[1]

This is the third action Plaintiff has brought in this district against Defendant Kenneth Augustine relative to a real estate dispute between the two of them. *See Arnold v. Augustine*, 4:21-cv-0973-JMB (E.D. Mo) (hereinafter *Arnold I*), and *Arnold v. Augustine*, 4:22-cv-1341-MTS (E.D. Mo.) (hereinafter *Arnold II*).

**A.** *Arnold I*

*Arnold I* arose when Plaintiff filed a pleading entitled "Notice of Removal" against five defendants—Kenneth Augustine, the Franklin County Sheriff's Office, Luke Stobie, Stanley Williams, and David Hoven—on August 04, 2021. In his "Notice of Removal," Plaintiff "move[d] for removal of case number 20AB-CC00286 . . . due to the seventh false imprisonment of Arnold on April 3, 2021, extreme bias, failure of due process of law, and abuse of power." *Id.* Plaintiff claimed that the basis for his removal was the Fifth and Fourteenth Amendments of the United States Constitution, as well as 28 U.S.C. § 1441.

In the "Petition for Declaratory Judgment, Injunctive Relief and Order for Encroachment Survey" filed by Plaintiff in *Arnold v. Augustine*, 20AB-CC00286 (20th Jud. Cir., Franklin Cnty. Ct.), on December 23, 2020, Plaintiff asserted that Defendant Augustine was encroaching on his land by building structures on his property and

---

[1] Plaintiff has listed his address in his complaint as the territory of Guam. However, in his application to proceed in this Court without paying fees and costs, he indicates that he was employed at Charette Apartments in Marthasville, Missouri, in 2023. On the last page of his Complaint, Plaintiff indicates that his home in Franklin County, Missouri, does not have "an adequate heating system." Thus, he "temporarily moved to Guam for the winter."

rerouting his driveway. Plaintiff sought a declaratory judgment for ejectment of Defendant Augustine from Plaintiff's property, as well as an assessment of the court of the boundary lines between the two neighbors and any prescriptive easements granted.

On May 27, 2021, Plaintiff filed an amended complaint. *Arnold v. Augustine*, 20AB-CC00286 (20th Jud. Cir., Franklin Cnty. Ct.). In his amended pleading, Plaintiff joined the Franklin County Sheriff's Office, Assistant Franklin County Prosecutor Luke Stobie, Judge Stanley Williams, and Judge David Hoven to his complaint. In addition to his prior claims against Defendant Augustine, Plaintiff sought to bring causes of action against the newly joined defendants for malicious prosecution, false imprisonment, and due process violations.[2] Plaintiff also added a cause of action for defamation against Defendant Augustine. Defendant Augustine filed a motion to dismiss Plaintiff's amended complaint on June 18, 2021.

The Honorable Henry Edward Autrey reviewed plaintiff's "Notice of Removal" and his amended complaint on August 13, 2021, in the United States District Court for the Eastern District of Missouri and found that there was no basis for removal of the action under 28 U.S.C. § 1441. Additionally, Judge Autrey found that pursuant to principles of comity between state and federal judicial bodies, as well as the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), this Court was required to refrain from exercising jurisdiction over Plaintiff's action. Accordingly, the Court remanded the *Arnold I* matter to Franklin County Circuit Court on August 13, 2021.

---

[2] These allegations appeared to arise from an altercation and confinement that occurred when plaintiff was taken into custody based on a warrant for failure to appear for a criminal summons. *State v. Arnold*, No. 21AB-IN00009 (20th Jud. Circuit, Franklin Cnty. Ct.).

Once back in state court, the Circuit Court granted Augustine's motion to dismiss the action on August 20, 2021, on the basis that Plaintiff's petition failed to state a claim. *Arnold v. Augustine*, 20AB-CC00286 (20th Jud. Cir., Franklin Cnty. Ct.). Although Plaintiff filed several post-dismissal motions seeking to overturn the dismissal, the Circuit Court denied those motions. *Id.*

### B. *Arnold II*

On December 13, 2022, Plaintiff filed his second action in this Court relating to the real estate dispute with Defendant Augustine. He filed an amended pleading on January 18, 2023. In addition to Defendant Augustine, Plaintiff also named several other defendants in his amended complaint including, the Franklin County Sheriff's Office, Judge Stanley Williams, Judge Sonya Brandt, Prosecutor Matthew Becker, and Judge David Hoven. Despite naming six defendants in his amended complaint and making allegations against them, shortly after filing his amended complaint, Plaintiff filed a motion seeking to dismiss five of the defendants from the action. He asked that the Court "administer this case between Arnold and Mr. Augustine only." Thus, prior to reviewing Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 on March 14, 2023, the Court dismissed defendants Franklin County Sheriff's Office, Judge Stanley Williams, Judge Sonya Brandt, Matthew Becker, and David Hoven and all claims in the amended complaint relating to those defendants. Only Plaintiff's claims relating to Defendant Augustine were thereafter considered.

Plaintiff filed *Arnold II* pursuant to 42 U.S.C. § 1983. He alleged in his amended complaint that he had been renting property from Defendant Augustine. Plaintiff

claimed, however, that when he was in the process of moving from the rental property, a "driveway dispute" occurred. It appears that there had been other disputes between Plaintiff and Augustine on prior occasions as well. In his amended complaint, Plaintiff alleged that in 2018, Augustine caused property damage when he trespassed on his land, cut down trees, excavated stumps, and dumped gravel. Later in 2020, Augustine barricaded part of Plaintiff's driveway with "junk." When Plaintiff "reclaimed" the driveway by setting aside the junk, Augustine filed a false police report about Plaintiff.[3] Plaintiff alleged that Augustine told multiple lies to police, and in the months that followed, the false police report was used in a civil state court case between the parties. Finally, Plaintiff claimed that Augustine committed perjury in his testimony in the state case and lied to the police when making additional reports.

As for "new" claims in *Arnold II*, Plaintiff summarized his claims against Augustine as: "trespass, cutting down trees and other property damage, interference with [Plaintiff's] easement with barricades of junk, lying to a police officer for the purpose of filing a false police report that led to [Plaintiff's] false imprisonment, harassment to negatively impact [Plaintiff] financially in violation of [Missouri state law], and malicious prosecution."

On March 14, 2023, the Court reviewed the amended complaint in *Arnold II* and found that Plaintiff's claims were subject to dismissal because Defendant Augustine was a private actor and therefore not subject to suit under 42 U.S.C. § 1983. Additionally, there were no allegations within the amended complaint that indicated that Defendant

---

[3] Presumably the 2020 events led to *Arnold I*.

Augustine was involved in a conspiracy with a state actor such that he could be held liable under § 1983.

## The Complaint

Now to Plaintiff's latest action. As noted above, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against five Defendants: Kenneth Augustine; Christopher Neace; Luke Stobie; Matthew Becker; and Stanley Williams. In his "Statement of Claim," Plaintiff states:

1. I was falsely arrested, transported, and falsely imprisoned based on fraud perpetrated [by] Mr. Augustine concerning a false police report. The probable cause statement was a lie by omission of the fact of the civil issue that I as reclaiming my easement.
2. My false imprisonment occurred on April 3, 2021.
3. I was falsely arrested at my residence located at 495 Hereford Park Rd., New Haven, Mo. and falsely imprisoned in the Franklin County Detention Facility.
4. I suffered severe metal distress which continued nearly three years because I was embroiled in a battle with the State wherein the State succeeded in falsely convicting me of trespass on my own easement and on a property that I had been renting. I also suffered the financial expense of litigation of the false conviction and other cases. There is also physical damage to my property and easement.
5. Mr. Augustine perpetrated property damage by creating a makeshift driveway on my property and damaged my original easement with a skid-steer. He continues to maintain a junkyard on my easement to prevent my passage. Mr. Augustine has threatened me with numerous shotgun blasts on his property and my property six days after Deputy Neace charged him with property damage on April 15, 2021. Mr. Augustine has committed blatant material perjury in three different trials and has submitted a false document to the court on two occasions.

   5a. Deputy Neace and Luke James Stobie colluded to produce a defective probable cause statement and Information in which I was falsely charged with trespass and eventually falsely convicted after nearly three years of sham litigation, whereas his December 15, 2020, police report produced by Deputy Neace clearly indicated it was a civil issue and not a criminal offense.

5b. Prosecutor Becker condoned the bad acts of Luke James Stobie and Deputy Neace. It is believed the condonement was to teach me a lesson for stating protected speech relating to Deputy Neace a conversation with a jailer that occurred over twenty years ago. The conversation with the jailer was scandalous and suggested I commit capital crime against certain bar members that involved themselves in egregious real estate and financial fraud against me. The plausible theory is that Matthew Becker is a former cop and thought it dishonorable to the Franklin County Sheriff's Office that I related such a scandalous conversation to Deputy Neace. Hence, I was falsely charged with trespass and is an offense against protected speech and the First Amendment. Furthermore, Mr. Becker fails to afford me equal protection of the law as he knows that Mr. Augustine has perpetrated six felonies recently but fails to charge with crime and is a dereliction of duty. Mr. Becker actually had two young women sitting on either side of Mr. Augustine at the court hearings and I later found out that Mr. Becker had appointed these young ladies as victim advocates, but Mr. Augustine is not a victim of any crime. I was the victim of Mr. Augustine's six felonious crimes against me and my property and Mr. Becker failed to appoint victim advocates for me.

5c. Former Judge Stanley D. Williams recused from two of my cases over 20 years ago and recused from Mr. Augustine's frivolous small claims case, honoring a change of judge request from me, just a few weeks before he wrongfully issued a warrant for my arrest for failure to appear. Although Deputy Neace listed my correct residential address in the false police report of December 10, 2020, the court mailed the summons to my former address. On March 22, 2021, the court received the returned summons as undeliverable due to no receptacle as Mr. Augustine had illegally removed my mailbox years before. The date of March 22nd 2020, has since been redacted from the docket. Judge Williams issued the warrant for my arrest on March 26, 2021, while in the court's hands was the returned summons as undeliverable. Four days had elapsed, and it is believed Judge Williams purposely issued the bogus FTA warrant for my arrest because I had sued him for false imprisonment over twenty years ago and moved for change of judge just a few weeks before my seventh false arrest and false imprisonment.

Plaintiff seeks monetary damages and injunctive relief in this action.

**Missouri Court Criminal Trespass Action**

An information was filed against Plaintiff by Franklin County Prosecutor Luke Stobie on February 23, 2021, in the Circuit Court for Franklin County, Missouri, charging Plaintiff with misdemeanor trespass in the second degree. *State v. Arnold*, 21AB-IN00009 (Jud. Cir., Franklin Cnty. Ct.). A probable cause statement accompanied the information and was compiled by Franklin County Sheriff's Deputy Christopher Neace. It stated:

> On 12/10/2020 the defendant Richard Arnold, went onto the property of the victim, K.A., located at 485 Hereford Park Road in New Haven, Missouri. Mr. Arnold then poured wash out on the property to make a driveway. K.A. stated that he has owned this property for 30 years and there isn't suppose[d] to be a driveway on the property for Mr. Arnold.

When Plaintiff failed to appear for a court hearing scheduled for January 6, 2022, the Court issued an order to show cause. Although Plaintiff responded to the order to show cause, he failed to appear for his initial appearance on March 3, 2022. Accordingly, the Court entered a default judgment on March 9, 2022. Plaintiff moved to set aside the default judgment, but before the Circuit Court could rule, he also appealed the judgment to the Missouri Court of Appeals. *See Arnold v. State*, ED110640 (Mo. Ct. App. 2022). On October 13, 2022, the Circuit Court set aside the default judgment, and on November 30, 2022, the Court of Appeals dismissed the appeal as moot. The mandate was issued on January 3, 2023. *Id.*

After the matter was remanded to the Circuit Court, Assistant Prosecutor Jared Stafford began to prosecute the matter, and the action was transferred to Judge Joseph W. Purschke. Plaintiff filed a pro se motion to dismiss the case on January 27, 2023. The

basis for Plaintiff's motion to dismiss was that he had an implied easement on Kenneth Augustine's property. Additionally, Plaintiff claimed that it was "unfair for Augustine to commit felony property crime[s] against Arnold's property and Arnold be jailed, or rather falsely imprisoned, for reclaiming his original driveway."

The court heard argument on the motion to dismiss on February 10, 2023. *State v. Arnold*, 21AB-IN00009 (Jud. Cir., Franklin Cnty. Ct.). Prior to the Court issuing a ruling on the motion to dismiss, Plaintiff filed a supplement to his motion. On April 24, 2023, Plaintiff filed a supplemental motion to dismiss in which he claimed that Deputy Neace had omitted exculpatory facts in the probable cause statement filed on December 10, 2020. Plaintiff claimed that Deputy Neace deliberately conspired with Judge Hoven to misstate the date that driveway had been constructed by Kenneth Augustine. Plaintiff asserted:

> Deputy Neace claimed that Arnold stated: 'that the new driveway was put in sometime between 2007 and May 08, 2018' (see exhibit 2). This is simply untrue. Arnold specifically advised Deputy Neace that his neighbors, Joe and Charissa Coyle, advised Arnold that Augustine had created the new driveway right before Arnold returned home from Guam on May 08, 2018.
>
> Deputy Neace met with Judge David Hoven on the morning of April 15, before he investigated Augustine's crime. It is believed that Judge Hoven or members of the prosecutor's office coached Deputy Neace on how to handle the investigation and write both probable cause statements to falsely convict Arnold but not charge Augustine with crime by letting the statute of limitations toll on Augustine.

The Court denied Plaintiff's motion to dismiss on April 25, 2023, finding that "the actions of the State of Missouri are not in violation of the 6th Amendment of the U.S.

Constitution and that arguments posed by the defendant are factual in nature and suitable for dispute at trial scheduled for May 19, 2023." *Id.*

After several continuances, a bench trial occurred in the case on September 12, 2023. *Id.* On September 15, 2023, the court issued its ruling in the matter and found that Plaintiff and Kenneth Augustine had owned adjoining properties in Franklin County, Missouri, and in 1989, Plaintiff sold Kenneth Augustine three acres, but he did not expressly reserve an easement. At the trial, Plaintiff was unable to show that he owned an easement, whether by prescription, necessity, or implied. Plaintiff entered Kenneth Augustine's property on or about December 9 and/or 10, 2020, and he did so unlawfully. Although Plaintiff believed he had a valid easement over property owned by Kenneth Augustine, this was not a valid defense to the offense of trespass in the second degree. Thus, Plaintiff was found guilty of trespass in the second degree and sentenced to twelve months' imprisonment with a suspended imposition of sentence (SIS). *Id.*

Plaintiff filed a motion for new trial on October 17, 2023. The court denied the motion on November 13, 2023. *State v. Arnold*, 21AB-IN00009-01 (Jud. Cir., Franklin Cnty. Ct.).[4]

## Discussion

Plaintiff filed this action against defendants Kenneth Augustine, Deputy Christopher Neace, Prosecutor Luke Stobie, Prosecutor Matthew Becker, and Judge

---

[4] After the trial in Franklin County Circuit Court, the Clerk opened a new action under *State v. Arnold*, 21AB-IN00009-01 (Jud. Cir., Franklin Cnty. Ct.), and post-trial motions were filed in this matter.

Stanley Williams asserting claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment.[5] Plaintiff also asserts violations of his right to free speech under the First Amendment. Lastly, Plaintiff claims that his due process rights under the Fifth and the Fourteenth Amendments were violated, and he alleges that his Equal Protection rights were infringed. Plaintiff, however, has failed to articulate the facts that establish these violations.

Neither Plaintiff nor his allegations is a stranger to this Court. As noted above, Plaintiff has filed two prior cases in this Court: *Arnold I* and *Arnold II*. He has also brought litigation regarding the same, or similar facts, in Missouri State Court. *See Arnold v. Augustine*, 20AB-CC00286 (20th Jud. Cir., Franklin Cnty. Ct.); *Arnold v. Becker*, 22AB-AC00677 (20th Jud. Cir., Franklin Cnty. Ct.) (plaintiff brought a case against prosecutor Matthew Becker and Kenneth Augustine for purportedly filing false documents against him, which was dismissed on May 16, 2022); *Arnold v. Augustine*, 23AB-AC01074 (20th Jud. Cir., Franklin Cnty. Ct.) (plaintiff filed a civil action seeking

---

[5] Plaintiff additionally states that he is bringing a claim under 25 C.F.R. § 11.404 for false imprisonment. This regulation states: "A person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty." This regulation relates to Courts of Indian offenses under the Bureau of Indian Affairs, Department of the Interior. Regardless, Plaintiff lacks standing to pursue a claim under this criminal regulation as a "private prosecutor." *See Hubbard v. Missouri Dep't of Mental Health*, 2:18-cv-04201-NKL, 2019 WL 1141782, at *2 (W.D. Mo. Mar. 12, 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution . . . of another.")); *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (per curiam) (finding a private party has no standing to prosecute a criminal action)).

a declaratory judgment that he had a prescriptive easement across Augustine's property, which was dismissed due to insufficient evidence on November 6, 2023).

In *Arnold I*, the Court remanded Plaintiff's state court civil action to Franklin County Circuit Court, finding that there was no basis for removal of the action under 28 U.S.C. § 1441. Additionally, Judge Autrey found that pursuant to principles of comity between state and federal judicial bodies, as well as the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), this Court was required to refrain from exercising jurisdiction over plaintiff's action.

In *Arnold II*, the Court dismissed Plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983 against Kenneth Augustine because Defendant Augustine was a private actor and therefore not subject to suit under § 1983. Additionally, there were no allegations within the amended complaint that indicated that Augustine was involved in a conspiracy with a state actor such that he could be held liable under § 1983. Further, as noted above, in the criminal case of *State v. Arnold*, 21AB-IN00009 (Jud. Cir., Franklin Cnty. Ct.), after a bench trial, the Circuit Court of Franklin County found that in 1989, Plaintiff sold Kenneth Augustine three acres of his property, but he did not expressly reserve an easement. At the trial, Plaintiff was unable to show that he owned an easement, whether by prescription, necessity or implied; thus, Plaintiff was found guilty of trespassing in the second degree on Augustine's land.

Although Plaintiff has attempted to litigate the finding that he did not own an easement of the Augustine property on several occasions, either through post-trial motions in *State v. Arnold*, 21AB-IN00009, through attacking the judgment in a collateral

manner by alleging false documents were filed against him in *Arnold v. Becker*, 22AB-AC00677 (20 Jud. Cir., Franklin Cnty. Ct.), or through seeking a declaratory judgment that he owned an easement over Augustine's land in *Arnold v. Augustine*, 23AB-AC01074 (20th Jud. Cir., Franklin Cnty. Ct.), he has not been successful in any of these cases.

To the extent Plaintiff seeks damages in this action against the current Defendants for violations of his constitutional rights relating to his arrest and criminal conviction, those claims are barred. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. Because there is no indication in the record that Plaintiff's conviction for criminal trespass has been reversed or expunged, his civil rights case against Defendants cannot be reopened at this time.

Furthermore, Plaintiff cannot attempt to sue either prosecutors or the state court judge who presided over any of his criminal or civil actions because these Defendants are entitled to immunity.[6] *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir.

---

[6] Plaintiff's assertion that the criminal trespass action was initiated by Prosecutor Becker to "teach [Plaintiff] a lesson" for sharing a conversation with a jailer at Franklin County relating to Deputy Neace is "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Similarly, Plaintiff's assertion that his Equal Protection rights were infringed because Prosecutor Becker failed

2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judicial immunity applies even when a judge is accused of acting maliciously or corruptly); *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").[7]

To the extent that Plaintiff is attempting to relitigate the matter of whether he owns an easement on Kenneth Augustine's land, that matter has already been litigated. The doctrine of res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The Eighth

---

to assign him a victim advocate in a criminal trial where he was the Defendant is legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] Plaintiff appears to assert that Judge Williams issued a warrant for Plaintiff's arrest on March 26, 2021, in violation of his due process rights, in retaliation of Plaintiff's suit against Judge Williams for false imprisonment over twenty years prior. As noted above, Plaintiff's claims relating to his arrest are barred by *Heck*. Moreover, Judge Williams is entitled to absolute immunity in relation to Plaintiff's claims against him, even if Plaintiff claims that Judge Williams's actions were done in bad faith or with malice. *Pierson*, 386 U.S. at 554; *Woodworth*, 891 F.3d at 1090.

Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Plaintiff attempted to show that he was the lawful owner of an easement on Kenneth Augustine's land as a defense to the criminal trespass action in *State v. Arnold*, 21AB-IN00009 (Jud. Cir., Franklin Cnty. Ct.), but he was unable to do so. He then brought a declaratory judgment action seeking ejectment of defendant Augustine from his property, as well as an assessment from the Franklin County Circuit Court of the boundary lines between the two neighbors and any prescriptive easements granted. That action was dismissed due to Plaintiff's failure to state a claim on August 20, 2021. *Arnold v. Augustine*, 20AB-CC00286 (20th Jud. Cir., Franklin Cnty. Ct.). Plaintiff then sought to collaterally attack the probable cause statement in his criminal case, as well as statements made by Kenneth Augustine in that case, by alleging that Prosecutor Matthew Becker and Kenneth Augustine made false statements and filed false documents against him. *See Arnold v. Becker*, 22AB-AC00677 (20th Jud. Cir., Franklin Cnty. Ct.). The court dismissed that case on May 16, 2022. And lastly, Plaintiff once again brought a declaratory judgment action seeking to have the Franklin County Circuit Court find that he had a prescriptive easement across and through Kenneth Augustine's land. *Arnold v. Augustine*, 23AB-AC01074 (20th Jud. Cir., Franklin Cnty. Ct.). The case was dismissed on November 06, 2023.

Here, Plaintiff's claims arise out of the same nucleus of operative facts as those litigated and dismissed in several prior civil actions Plaintiff brought. Considering the

aforementioned cases, the Court finds that Plaintiff cannot show that he owns a prescriptive easement over Augustine's land. Additionally, to the extent Plaintiff is attempting to sue Augustine under 42 U.S.C. § 1983, this Court already has held that Augustine is not a state actor, and Plaintiff has failed to properly allege that Defendant Augustine was involved in a conspiracy with a state actor such that he could be held liable under § 1983. *See Augustine II*; *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (28 U.S.C. § 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepayment of Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED**. An Order of Dismissal will be filed herewith dismissing this case with prejudice.

Dated this 29th day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE